## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**NAUTILUS INSURANCE COMPANY,**
**an Arizona Corporation,**

                    **Plaintiff,**

**v.**                                              **Case No. 14-cv-988 MCA/SMV**

**TIERRA BLANCA RANCH, and TIERRA**
**BLANCA RANCH d/b/a TIERRA BLANCA**
**HIGH COUNTRY YOUTH PROGRAM,**

**TIERRA BLANCA RANCH YOUTH**
**PROGRAM, a New Mexico Corporation, dba**
**TIERRA BLANCA RANCH and dba**
**TIERRA BLANCA RANCH HIGH**
**COUNTRY YOUTH PROGRAM,**

**JAMES SCOTT CHANDLER a/k/a SCOTT**
**CHANDLER individually and dba TIERRA**
**BLANCA RANCH and dba TIERRA**
**BLANCA OUTFITTERS,**

**TIERRA BLANCA OUTFITTERS,**

**AIMEE BEVAN, as Attorney-in-fact for**
**Coulton Quevedo, COULTON QUEVEDO,**
**BARBARA GUILFOYLE, CHERYL**
**MORGAN, JAMES MORGAN, SUSAN**
**WECKESSER, as Conservator for Ryan**
**Morgan, RYAN MORGAN, JORDAN**
**ALMANZA and MARC FLEMMING,**

                    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' *Motion to Dismiss Complaint*

*for Declaratory Relief Under the Brillhart Abstention Doctrine* [Doc. 9]; their *Motion to*

*Supplement Factual Record in Support of Motion to Dismiss Complaint for Declaratory Relief Under Brillhart Abstention Doctrine* [Doc. 21]; *Motion to Dismiss Complaint for Declaratory Relief* (Doc. 1) *Under the Brillhart Abstention Doctrine And Notice of Joinder in Declaratory Relief Defendant's Motion to Dismiss Complaint* (Doc. 9) *and Response* (Doc. 17) [Doc.28]; and *Plaintiff Nautilus Insurance Company's Motion to Amend Complaint for Declaratory Relief* [Doc. 20].  Having considered the submissions and relevant authority, the Court **GRANTS** Defendants' Motions to Dismiss [Docs. 9 and 28] Resolution of the other motions is set out below.

## I.      Procedural Background

This action requires that the Court determine whether it should exercise its discretion to hear  Plaintiff Nautilus Insurance Company's action for declaratory relief brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  Plaintiff's action arises out of a civil case filed in New Mexico State Court on December 20, 2013 under cause number D-101-cv-2013-03219 and captioned *Quevedo, et al. v. Tierra Blanca Ranch, et al.* (hereinafter "state court action" or "underlying action").  Plaintiff brought this federal action on October 31, 2014, to clarify its duties to state court defendants Tierra Blanca Ranch (TBR), Tierra Blanca Ranch Youth Program, and James Scott Chandler, as well as Tierra Blanca Outfitters (hereinafter TBR Defendants).[1]  [Doc. 1 at 2]  It also named as defendants in this declaratory action the state court plaintiffs (hereinafter Claimant Defendants). Plaintiff asks the court to enter a judgment and

---

[1] Tierra Blanca Outfitters was not a named defendant in the underlying action at the time Plaintiff filed this action.  *See* [Doc. 20-1]

declaration "that Plaintiff owes no duty to defend or indemnify the TBR Defendants or any other related individual or entity against the claims asserted in the Underlying Complaint" and further requests that that declaration "be binding upon all Defendants and upon any other parties who may be joined in this matter." [Doc. 1 at 12]

On November 26, 2014, Claimant Defendants filed their *Motion to Dismiss Complaint for Declaratory Relief Under the Brillhart Abstention Doctrine* [Doc. 9] as well as their Answer in which they raised the abstention issue. [Doc. 8 at 2, 5] While Claimant Defendants' Motion to Dismiss has been pending, they amended their complaint in the state court action to join additional defendants. *See Plaintiff Nautilus Insurance Company's Motion to Amend Complaint for Declaratory Judgment* at 2 [Doc. 20]; *[State] Plaintiff's Motion for Leave to File Second Amended Complaint* [Doc. 20-1]; *Second Amended Complaint for Damages* [Doc. 28-1] Claimant Defendants filed their *Second Amended Complaint for Damages* on February 9, 2015. On February 11, 2015, all state court defendants, with the exception of one,[2] filed a Third Party Complaint for declaratory relief against Nautilus in the underlying action. [Doc. 20-5] They seek a judgment from New Mexico state court as to whether Nautilus has a duty to defend and indemnify them in the state court action. On April 2, 2015, Plaintiff filed its *Motion to Amend Complaint for Declaratory Relief* to include the newly added state court defendants. [Doc. 20] While these matters are pending, Plaintiff agrees to defend all the TBR defendants, which now includes the defendants joined by the Second Amended

---

[2] As Plaintiff points out, JSC Properties, LC is named in the state court Second Amended Complaint but is not included in the Third Party Complaint. *See* Doc. 25 at 4; Doc. 29 at 4; *compare* Doc. 28-1 *with* Doc. 20-5.

Complaint, under a full and strict reservation of rights.  *See Complaint* at ¶ 29 [Doc. 1];
proposed *First Amended Complaint* at 37 [Doc. 20-4]; [Doc. 34 at 6].

## II.    Preliminary Matters

### a.  Granting Plaintiff's Motion to Amend would be futile.

Plaintiff moves to amend its complaint to "ensure that all parties who have sought
defense and indemnity for the [state court action] are parties to this declaratory judgment
action."   [Doc. 20 at 5]   Defendants oppose Plaintiff's motion.   *See Response in
Opposition to Plaintiff Nautilus Insurance's Motion to Amend/Correct the Complaint*
[Doc. 24]; *Response in Opposition and Notice of Joinder in Opposition to Plaintiff,
Nautilus Insurance's Motion to Amend/Correct the Complaint.* [Doc. 26]   In effect,
Defendants mobilize their response to further argue why dismissal is proper under the
*Brillhart* abstention doctrine.  [Doc. 24 at 3]  The Court is not persuaded by Defendants'
opposition.  If the case were to continue in federal court, the Court would undoubtedly
grant Plaintiff's motion.  Because of the conclusion the Court reaches here, granting
Plaintiff's motion would prove futile.  However, the Court notes that Defendants oppose
the Plaintiff's Motion to Amend, which would bring all the parties seeking a defense
under the insurance policies into the action before this Court, *and* at the same time
Defendants argue that this Court should abstain from hearing the declaratory action
because all the state court defendants are not part of this action.  *See, e.g.*, [Doc. 36 at 3].
TBR Defendants' position appears contradictory at best.  The Court does not consider the
absence of the newly added state court defendants from this action in determining

4

whether to hear Plaintiff's case, and where appropriate considers them as if the Motion to Amend had been granted.

   **b. The Court grants Claimant Defendants'** *Motion to Supplement Factual Record in Support of Motion to Dismiss Complaint for Declaratory Relief Under Brillhart Abstention Doctrine.*

   Claimant Defendants move the Court to consider a single new fact that arose since they first filed their Motion to Dismiss – "the fact that the TBR defendants have filed a declaratory judgment action in the state court proceeding." *Reply in Support of Motion to Supplement Factual Record in Support of Motion to Dismiss Complaint for Declaratory Relief Under Brillhart Abstention Doctrine* at 2. [Doc. 31]  Plaintiff urges the Court to deny the motion. *Plaintiff Nautilus Insurance Company's Response in Opposition to Motion to Supplement Factual Record.* [Doc. 25]  Plaintiff's arguments are largely about why the court should retain jurisdiction over the instant action, not why the Court should deny Claimant Defendants' motion. *See id.* at 5-6.

   The Court notes that Plaintiff itself squarely put the existence and contents of the Third Party Complaint before the Court when it attached it to and referenced it in its Motion to Amend.  [Doc. 20 at 7; Doc. 20-5]  More importantly, the existence of the Third Party Complaint is an important fact for the Court's analysis here.  To the best of the Court's knowledge, it appears to put before the state court the same issues regarding Nautilus's duty to defend and indemnify the TBR defendants.[3]   Despite Plaintiff's opposition, it does not appear that Plaintiff actually asks the Court to rule on Defendants' Motion to Dismiss without considering this fact, but objects that the "full picture" is not

---

[3] With the apparent exception of JSC Properties.

before the Court.  *See* [Doc. 25 at 2] Plaintiff sets out additional facts, which the Court notes are largely references to procedural developments in the state and federal case and is aware of through the parties' motions and exhibits.[4]  These facts include the state Court Third Party Complaint.  [Doc. 25 at  4] Accordingly, the Court GRANTS Claimant Defendants' motion.  [Doc. 21]

### III.   The *Mhoon* factors weigh in favor of resolution of the issue in state court; therefore this Court declines to exercise its discretion to hear Plaintiff's declaratory action.

Under the federal Declaratory Judgment Act, district courts "have the power, but not the duty, to hear claims for declaratory judgment."  *Mid-Continent Cas. v. Vill. at Deer Creek Homeowners Assoc., Inc.*, 685 F.3d 977, 980 (10th Cir. 2012); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942).  "[T]he question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts."  *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).  All parties agree that to determine whether to exercise its discretion, this Court considers five factors:

(1) whether a declaratory action would settle the controversy;
(2) whether it would serve a useful purpose in clarifying the legal relations at issue;
(3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*;
(4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
(5) whether there is an alternative remedy which is better or more effective.

---

[4] In response to TBR Defendant's Motion to Dismiss [Doc. 28],  Plaintiff incorporates its arguments set out in its Opposition to Claimant Defendants' Motion to Supplement Factual Record in Support of Motion to Dismiss [Doc. 25] and its Reply in Support of its Motion to Amend Complaint for Declaratory Judgment [Doc. 29], thus bringing these and the related motions into the Court's consideration for the Motion to Dismiss.  *See*  [Doc. 34 at 3 n. 4]

*Mid-Continent Cas.*, 980-81 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994); *Runyon*, 53 F.3d at 1169.  Each argues that the factors weigh in their favor.

> **a.    The Court finds that a better and more effective remedy is available in the state court and that exercising jurisdiction over this declaratory action has the potential of increasing the friction between the federal and state courts.**

Plaintiff asserts that there is not a hint of friction between state and federal courts when a federal court accepts jurisdiction over a declaratory judgment action.  [Doc. 15 at 8]  Under the facts of this case, the Court disagrees.  Given the procedural posture of the underlying action, the Court concludes that not only can the state court provide a better and more effective remedy, but retaining jurisdiction over this action has the potential of increasing the friction between the state and federal courts.

Plaintiff initially argued that it was not a party to the state court action so that the state court could not grant it the relief it seeks.[5]  [Doc. 15 at 9]  However, since the filing of this action, Defendant Claimants amended their complaint to add additional defendants and the state court defendants filed their Third Party Complaint for declaratory relief in the underlying action naming Nautilus as the defendant.  [Doc. 20-5]  Nautilus is now a party, and the relief sought is nearly identical.[6]

---

[5] It is unclear to the Court why Plaintiff could not receive relief from state Court. The Court knows of no bar preventing insurers from filing a declaratory action in an underlying case.  *See, e.g., Bernalillo Cnty. Deputy Sheriffs Assoc. v. Cnty. of Bernalillo*, 114 N.M. 695, 845 P.2d 789 (1992) (insurer filed declaratory judgment action in underlying suit).

[6] The Court says "nearly identical," because JSC Properties is not a Third Party plaintiff in the state action for declaratory judgment.  JSC Properties appears to be an entity owned by the Chandlers who are also defendants here and in the underlying action.  *See* [Doc. 20-3].   Plaintiff states that JSC is "an indispensable party to the coverage dispute" and that "while Nautilus has joined or sought leave to join all necessary parties to this action the

In the Third Party Complaint, the state court defendants pray for a declaratory judgment that Nautilus has a duty to defend them from the claims in the underlying action and to indemnify them for some or all of the claims.  [Doc. 20-5 at 4]  With the exception of JSC Properties, the Third Party Complaint involves the same parties and the same issues as Plaintiff's amended complaint would bring before this Court.  In resolving the Third Party Complaint, the state court will determine the parties' rights and obligations under the insurance policies and whether Plaintiff owes the state court defendants a duty to defend and indemnify.  In so doing, the court will apply state law and compare the allegations in the complaint to the insurance policy to determine coverage.  *See Lopez v. New Mexico Pub. Sch. Ins. Auth.*, 1994-NMSC-017, ¶¶ 11, 117 N.M. 207, 870 P.2d 745, 747 (1994).  Because the state court will examine the complaint and the insurance policy to determine whether the allegations arise from conduct outside of the coverage, it is not necessary for this Court to issue a declaration of rights.  *Runyon*, 53 F.3d at 1169 (holding it was unnecessary for the federal court to issue a declaration on an insurance contract where a state court breach of contract claim brought by the insured would resolve the issue of coverage under the contract).

That the Third Party Complaint is pending in state court, distinguishes this case from *Mhoon*.  There, the Tenth Circuit affirmed the district court's exercise of its

State Court Declaratory Judgment Action is incomplete."  [Doc. 25 at 4-5]  Plaintiff does not make any argument as to why it cannot receive relief from the state court, particularly if JSC is an indispensable party.  Additionally, Plaintiff provided the Court with the information that on March 25, 2015, Claimant Defendants filed a "Complaint in Intervention of the Third Party action."  [Doc. 25 at 4]  This complaint is not provided to the Court.  The reference to it highlights the evolving nature of the state action and the parties involved.  For all the Court knows, at this point JSC has been made a party to the Third Party action.  The evolving proceedings in state court, and the evolving record before this Court weigh in favor of dismissing the instant action to avoid friction with state court and to avoid this Court making determinations without all of the relevant information.

discretion in hearing a declaratory judgment action which determined an insurance company's duty to defend while the underlying tort action was pending. *Mhoon*, 31 F.3d at 983-84.   There, the insured was sued after shooting his neighbor (and after being convicted in criminal court for shooting his neighbor).   The insurance company claimed this action was intentional and fell outside its policy.   The coverage issue was not going to be determined in the state suit.    Importantly, there was no indication from the parties that the insurance company was a party to the state court action, or could have been made a party; therefore there was a "live need" for the declaration of the insurance company's rights and duties.   *Id.* at 984.   In its reasoning, the Tenth Circuit noted that had the insurance company been made a part of the underlying action, it would "obviate[e] any need for an independent declaratory action and provid[e] a simpler more efficient resolution of [the insurance company's] obligations toward [the insured]."   *Id.*

Unlike in *Mhoon*, here, resolution in state court is available in the underlying action as a better and more effective resolution of the insurance company's obligations. The New Mexico court is in the unique position to apply state law.   *See Mid-Continent Cas. Co.*, 685 F.3d at 986 (affirming district court's decline of exercise of jurisdiction where district court concluded the state court in a pending state court action was in a better position to interpret insurance contract under state law).   It is also informed of and has control over the evolving procedural developments evident in this case such as the joining of parties, the amending of complaints, and the filing of third party actions.   To the extent this case may require the resolution of factual issues either to determine the duty to defend or the duty to indemnify, it is the underlying action in which the facts will

9

be developed. *See Lopez*, 1994-NMSC-017, ¶¶ 11-12.  Additionally, the resolution of the Third Party Complaint in the underlying action is in accord with the New Mexico Supreme Court's preference for having insurance coverage issues resolved by the court hearing the underlying case. *See Lopez,* 117 N.M. at 748; *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 620 (1982).

The fact that the Third Party Complaint is pending in state court also raises concerns about federal interference with the state case and possible friction with the state court.  To the best of the Court's knowledge, the state court has not ruled on whether Nautilus has a duty to defend.  This Court has no way of knowing the state court's position or at what point it is in its process regarding the issue.  If this Court entered a judgment it could undermine the state court's work on the issue or possibly enter a judgment contrary to the state court's as yet unpublished ruling.  Thus, unlike *Mhoon*, where there was little threat of any "substantial interference in the state court proceedings," See Mhoon, 31 F.3d at 984, here the Court concludes that there is a high likelihood of interfering in the state case where an identical or nearly identical issue is pending.

For these reasons, the Court concludes that the fourth and fifth *Mhoon* factors weigh heavily in favor of dismissal.

**b. The Court does not find that Plaintiff was engaging in "procedural fencing" or a "race for *res judicata*."**

In *Runyon*, the insurance company filed its federal declaratory judgment action one day before the date the insured promised the insurance company he would file his state

court breach of contract claim against it.  Runyon, 53 F.3d at 1170.  The district court perceived this to be the insurance company's attempt at procedural fencing, which is an "adequate reason for the district court to refuse jurisdiction in a declaratory judgment action."  *Id.*  Here, Defendants do not allege any such actions on Plaintiff's part.

Citing *Lopez,* Claimant Defendants do allege that Plaintiff filed in federal court to avoid an obligation under New Mexico law to have the duty to defend decided in the primary lawsuit rather than in a collateral action for declaratory judgment.  [Doc. 9 at 8]  Claimant Defendants do not argue that the collateral federal suit is precluded by New Mexico law.  *Cf. Transamerica Ins. Grp. v. Hinkle-Keeran Grp., Inc.,* 53 F.3d 343, at *5 (10th Cir. 1995) (unpublished) (holding *Mullenix* and *Lopez* do not preclude an insurer from bringing a federal declaratory judgment action and that the court may issue a judgment if it can be determined as a matter of law that the claims arise from acts excluded from coverage under the policy).  This is a forum available to Plaintiff, and the Court does view its selection as procedural fencing.

A review of the procedural history is useful in making this determination.  Claimant Defendants initiated the underlying state court action on December 20, 2013.  Plaintiff filed the instant action almost a year later on October 31, 2014.  Less than a month later, Claimant Defendants moved to amend their state court complaint.  [Doc. 20-1]  On February 9, 2015, Claimant Defendants filed their Second Amended Complaint joining new defendants.  Then, on February 11, 2015, State Court Defendants, including the newly joined defendants, filed their Third Party Complaint.  Following that, on April 2, 2015, Plaintiff moved to amend its federal complaint.  There is nothing in this

11

procedural history indicating that Plaintiff undertook the tactics of procedural fencing or racing for *res judicata* in filing the instant action.   Plaintiff would have this Court consider the state court defendants' filing of their Third Party Complaint as procedural fencing on their part and weigh this against dismissal under the *Mhoon* analysis.  [Doc. 25 at 5; Doc. 34 at 3]   There is much courts do not know, particularly courts not involved in the underlying litigation, about the strategy of attorneys and the timing of certain filings.   That said, given the addition of state court defendants and New Mexico's preference for resolving insurance coverage issues in the primary action, this Court cannot say it was procedural fencing on the part of the state court defendants to file there. Nor is this Court convinced that *Mhoon* instructs it to consider anything other than whether the filing of the federal declaratory judgment action indicates procedural fencing or a race for *res judicata*.

For the foregoing reasons, the Court finds that this factor weighs slightly in favor of retaining jurisdiction.

**c. Whether the declaratory judgment action would settle the controversy or would serve a useful purpose of clarifying the legal relations at issue.**

Plaintiff contends that the issues before the court are straight forward and that a simple comparison of the allegations in the underlying complaint and the insurance policies will allow the Court to determine that Plaintiff has no duty to defend.  [Doc. 15 at 3, 5]  This will end the case.  It argues that if the Court found a duty to defend, the Court could stay the federal case to allow the facts regarding whether Plaintiff has a duty to indemnify to be developed in the state court action.  [Doc. 15 at 3, 5]  Plaintiff

contends that the allegations in the complaint are so specific that the Court will easily be able to make a determination as a matter of law, and provides the Court with an example of such a specific allegation.  [Doc. 15 at 4]  Claimant Defendants contend that many of the allegations are not so specific and provides the Court with an example, explaining the type and amount of testimony required with regard to just this one allegation.  [Doc. 17 at 3]  Claimant Defendants argue that to ultimately determine whether Plaintiff had a duty to defend and indemnify TBR defendants would require lengthy and voluminous testimony and would cause "undue duplication, hardship, and expense, as well as consuming valuable and scarce judicial resources."  [Doc. 9 at 9; Doc. 17 at 3]

It is true that if the Court proceeds and determines that there is no duty to defend, both *Mhoon* factors would weigh in favor of exercising its discretion and hearing the case – the controversy and the legal relations would be settled.  However, the Court cannot speculate as to the outcome of its inquiry into whether Plaintiff has a duty to defend.  At this stage it is just as likely that the Court would find a duty to defend, on at least some claims.  This would clarify one aspect of the relations between Plaintiff and the state court defendants, but as Plaintiff recognizes, the duty to indemnify would remain open as the state case proceeds.  [Doc. 34 at 6]  The Court might also find that there was ambiguity in the underlying complaint requiring factual development in the state court action to determine whether Plaintiff ultimately had a duty to defend. *See Lopez*, 1994-NMSC-017, ¶¶ 11-12; *Transamerica,* 53 F.3d at *5.  Although the Court believes it could ultimately resolve the controversy and clarify the legal relations between the parties, it is not convinced that it would usefully do so at the outset.

The Court assesses these factors in light of its discussion of the others.  While the first and second factors weigh slightly in favor of exercising jurisdiction, the Court concludes they are outweighed by the fourth and fifth factors.  For all of the foregoing reasons, the Court declines to exercise its jurisdiction under the Declaratory Judgment Act.

## IV.    The Court will not consider priority jurisdiction.

Plaintiff argues that this Court has priority jurisdiction over the state declaratory judgment action. [Doc. 25 at 5; Doc. 34 at 8]  Priority jurisdiction is a doctrine "not well developed in New Mexico."  *Cruz v. FTS Constr., Inc.*, 2006-NMCA-109, ¶ 11, 140 N.M. 284, 142 P.3d 365.  "The purpose of the doctrine is to prevent the same lawsuit from being litigated twice," *id.* at ¶ 1, and it "serves the same purpose as res judicata, but operates where there is not a final judgment and instead there is a pending case."  *Id.* at ¶ 15.  For a court to exercise priority jurisdiction the first filed suit must satisfy four elements.[7]  *Id.* at ¶ 13.

Plaintiff's suit is brought pursuant to the Declaratory Judgment Act.  Under that Act and our Tenth Circuit's precedent, it is within this Court's discretion to decline to exercise its jurisdiction if after considering the *Mhoon* factors it appropriately decides to do so. Plaintiff does not provide any authority indicating that New Mexico's doctrine of priority jurisdiction would require the Court to retain the case.  Because the Court has

---

[7] "(1) the two suits must involve the same subject matter or the same cause of action, (2) the two suits must involve the same parties, (3) the first suit must have been filed in a court of competent jurisdiction in the same state, and (4) the rights of the parties must be capable of adjudication in the first-filed action."  *Cruz*, 2006-NMCA-109, ¶ 13.

discretion to decline to hear Plaintiff's declaratory action, and so exercises that discretion, the Court need not consider whether priority jurisdiction applies.

**V.    CONCLUSION**

**IT IS, THEREFORE, ORDERED** that

- Claimant Defendants' *Motion to Supplement Factual Record in Support of Motion to Dismiss Complaint for Declaratory Relief Under Brillhart Abstention Doctrine* [Doc. 21] is **GRANTED**

- Claimant Defendants' *Motion to Dismiss Complaint for Declaratory Relief Under the Brillhart Abstention Doctrine* [Doc. 9] in which TBR Defendants join [Doc. 28] is **GRANTED.**

- The Court does not rule on *Plaintiff Nautilus Insurance Company's Motion to Amend Complaint For Declaratory Judgment* [Doc. 20] because to do so while at the same time dismissing the action would be futile.  Plaintiff's Motion for Summary Judgment [Doc. 38] is denied as moot, in light of the dismissal [Doc. 9].

**SO ORDERED** this 29th day of September, 2015, in Albuquerque, New Mexico.

_____

M. CHRISTINA ARMIJO
Chief United States District Judge

15